IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROMONA KENNARD,** | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. **3:25-CV-154-L-BN** |
| **RIVERFRONT JAIL,** | § § § | |
| Defendant. | § § | |

# ORDER

On January 28, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court **deny** Romona Kennard's ("Plaintiff" or "Ms. Kennard") Motion for Leave to Proceed *In Forma Pauperis* ("Application") (Doc. 4); **dismiss with prejudice** this action**;** and **bar** her from filing future actions in this district without first obtaining leave of court. No objections have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report as that of the court.

The Report reasons that the request to proceed *in forma pauperis* should be denied because:

> A review of Kennard's filing reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice.
> Ordinarily, a pro se plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled [her] "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Kennard has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of [her] complaint, it is highly unlikely that, given the opportunity, Kennard could allege cogent and viable legal claims. Thus, the undersigned concludes that granting

leave to amend under these circumstances would be futile and cause needless delay.

Report 3. Moreover, Plaintiff filed no objection to the Report and did not request leave to amend her pleadings. The time allowed to object provided Ms. Kennard an opportunity to object to the Report and inform the court how she would amend her defective pleadings, yet she did neither.

The magistrate judge further recommends that:

> [B]ecause of her frivolous filing history in this Court, Kennard has been "warned that if she persists in filing frivolous, baseless, or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action." *Kennard v. Fire Truck*, No. 3:21-cv-1569-G-BK, Dkt. No. 12 (N.D. Tex. Aug. 21, 2021). At the time of the warning, Kennard had filed 17 other cases during the previous eight years, [at] least three of which had been dismissed as frivolous or for lack of subject matter jurisdiction. *See Kennard v. Fire Truck*, No. 3:21-cv-1569-G-BK, 2021 WL 3573636, at *2 (N.D. Tex. July 16, 2021), rec. accepted, 2021 WL 3566347 (N.D. Tex. Aug. 12, 2021).
> But Kennard has continued to file frivolous actions, filing at least four cases last year that were dismissed as frivolous. *See Kennard v. Frank Crowley Building*, No. 3:24-cv-327-B-BN (filed Feb. 6, 2024, dismissed Mar. 13, 2024); *Kennard v. Bush*, No. 3:24-cv-1958-B-BT (filed July 31, 2024, dismissed Dec. 22, 2024); *Kennard v. Motion Picture*, No. 3:24-cv-1959-B-BN (filed July 31, 2024, dismissed Sept. 18, 2024); *Kennard v. Orphan of Immagation lies or*, No. 3:24-cv-2103-D-BN (filed Aug. 19, 2024, dismissed Sept. 26, 2024). She filed three other complaints at the same time as this case, all of which are frivolous. *See Kennard v. Fish*, No. 3:25-cv-151-L-BT (filed Jan. 21, 2025); *Kennard v. Lindsay*, No. 3:25-cv-152-E-BN (filed Jan. 21, 2025); *Kennard v. El Paso Jail*, No. 3:25-cv-153-K-BW (filed Jan. 21, 2025).

*Id.* at 3-4.

Further, because of Ms. Kennard's filing history and continuing pattern of filing frivolous actions, the magistrate judge recommends that sanctions be imposed. Finally, the court takes judicial notice that Defendant Riverside Jail is not a suable entity. It is a jail operated by Dallas County, has no jural existence separate from Dallas County, and Plaintiff has not sued Dallas County or named any person who could be liable for any alleged injury to her.

**Order – Page 2**

Having considered Plaintiff's pleadings, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action and claims by Ms. Kennard. Moreover, the court **directs** the clerk of the court to term all pending motions. **Further, the court directs the clerk of the court not to accept any future actions from this Plaintiff unless she first obtains leave to do so from a district or magistrate judge.**

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 28th day of February, 2025.

Sam A. Lindsay
United States District Judge